

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2004

# Pribec v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Pribec v. Atty Gen USA" (2004). *2004 Decisions.* Paper 597.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/597

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-1925 and 03-1926

IOAN PRIBEC,
Petitioner No. 03-1925

v.

John Ashcroft,
ATTORNEY GENERAL
UNITED STATES OF AMERICA,
Respondent

MARIANA PRIBEC,
Petitioner No. 03-1926

v.

John Ashcroft,
ATTORNEY GENERAL
UNITED STATES OF AMERICA,
Respondent

On Petitions for Review of Orders of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA Nos. A73-162-304 and A73-162-305)

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

Before: SCIRICA, <u>Chief Judge</u>, RENDELL and ALARCÓN*, <u>Circuit</u> <u>Judges</u>.

(Filed: June 15, 2004)

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Ioan and Mariana Pribec, citizens of Romania, petition for review of the denial of their applications for adjustment of status under 8 U.S.C. § 1255(a), and waiver of inadmissibility under 8 U.S.C. § 1182(i). The Immigration Judge ("IJ") denied the Pribecs' applications on August 12, 1999. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), on March 7, 2003. We have jurisdiction to entertain the Pribecs' timely petitions for review under 8 U.S.C. § 1252(a)(1). Because we conclude that none of the arguments pressed by the Pribecs in their petitions persuade us that the IJ's decision should be vacated, we will deny the petitions for review.

I.

The Pribecs are members of the Pentecostal church, a small Protestant denomination that is somewhat disfavored in Romania. They came to the United States

_____

* Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

2

separately in 1994 – Mr. Pribec entered illegally, and his wife entered on a temporary visa but remained here after it expired. In 1995, the Immigration and Naturalization Service ("INS") initiated removal proceedings. The Pribecs conceded removability and applied for asylum, alleging that they had suffered persecution in Romania on account of their religion. Specifically, the Pribecs claimed that they were regularly questioned by Romanian authorities regarding their religious practices, that Mr. Pribec was beaten by police officers on more than one occasion, that Mrs. Pribec was not allowed to teach at public schools because of her religion, and that Mrs. Pribec had been the victim of an attempted rape.

The IJ denied the applications for asylum in October of 1997, finding that the Pribecs were not credible witnesses. He ordered the Pribecs' removal and refused to grant a request for voluntary departure in light of his finding that both petitioners had intentionally given fabricated testimony and, therefore, lacked good moral character. The Pribecs appealed the IJ's decision to the BIA. While their appeal was pending, in October of 1998, Mr. Pribec was approved for a work visa, rendering both petitioners eligible for an adjustment of status. In light of this, and without considering the merits of the appeal, the BIA granted a motion to remand the matter to the IJ for consideration of the request for adjustment of status. On remand, the IJ indicated that he was inclined to deny the adjustment based on his previous determination that the Pribecs had lied under oath at their asylum hearing. This finding rendered them inadmissible under 8 U.S.C. §

3

1182(a)(6)(C).

In response, the Pribecs requested a waiver of inadmissibility under 8 U.S.C. § 1182(i), a statutory provision allowing an IJ to adjust a petitioner's status under certain circumstances, despite previous fraud or misrepresentations. The IJ determined that the Pribecs could not pursue their waiver request, finding that they did not have the type of citizen relative – a spouse or a parent – that is required by the waiver statute. See 8 U.S.C. § 1182(i) (2003) (allowing for grants of waiver where a citizen and resident spouse or parent would suffer extreme hardship upon the removal of the petitioner). In making this determination, the IJ applied the statute as it was amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"). Under the pre-IIRIRA provision, which also allowed for waiver of inadmissibility where the petitioner had a citizen child, the Pribecs would have been eligible for waiver by virtue of having a daughter who was a United States citizen.

The BIA summarily affirmed the IJ's decision, and the Pribecs filed timely petitions for review in our court. They challenge the agency's rulings on their adjustment of status and waiver applications, raising the following three issues: 1) whether the IJ's finding that the Pribecs "intentionally fabricated their testimony in order to obtain a favorable decision" in the asylum hearing was supported by substantial evidence; 2) whether the IJ applied the correct version of the waiver statute; and 3) whether the BIA's

4

affirmance without opinion procedures "should be disfavored . . . as a matter of judicial economy" or because they violate the Separation of Powers doctrine. As we will briefly explain below, we are not persuaded by the Pribecs' arguments with respect to any of these issues.

## II.

Where the BIA affirms without opinion, the IJ's decision becomes the final agency determination for purposes of our review. 8 C.F.R. § 1003.1(e)(4) (2003); Dia v. Ashcroft, 353 F.3d 228, 243 (3d Cir. 2003) (en banc). In reviewing factual findings contained in the IJ's decision, we apply the substantial evidence standard, which allows us to grant the petition and vacate the IJ's determination only if the evidence is "so compelling that no reasonable factfinder could fail to find" in the Pribecs' favor. INS v. Elias-Zacarias, 502 U.S. 478, 484 (1992). We exercise plenary review over the IJ's conclusions of law, although the agency's interpretation of the Immigration and Nationality Act ("INA") is "subject to established principles of deference." Coraggioso v. Ashcroft, 355 F.3d 730, 733 (3d Cir. 2004).

We first consider, and reject, the Pribecs' contention that there was not substantial evidence supporting the IJ's factual determination that the Pribecs had intentionally fabricated their testimony. We conclude that there is substantial evidence supporting the factual finding that the Pribecs willfully lied under oath. The IJ listed many persuasive

5

grounds in support of his determination, including the following: none of the specific instances of alleged persecution to which the Pribecs testified at the hearing were mentioned in their written asylum applications; the testimony of each petitioner was internally inconsistent; Mr. Pribec's testimony was not consistent with that of his wife; no documentary evidence supported the petitioners' testimony; and the petitioners' demeanor while discussing the attempted rape of Mrs. Pribec caused the IJ to disbelieve them. These specific findings provide more than substantial evidence supporting a determination that the Pribecs willfully lied at the hearing.[1]  Given this determination, we will not vacate the IJ's determination that the Pribecs are inadmissible under 8 U.S.C. § 1182(a)(6)(C) based on his finding that they willfully misrepresented material facts at their asylum hearing.[2]

As to the second issue raised before us, we conclude that the Pribecs have

---

[1] We also reject the Pribecs' claim that the IJ improperly considered problems with Mrs. Pribec's testimony when evaluating her husband's credibility.  The IJ explicitly addressed several specific problems with Mr. Pribec's statements, independent of any inconsistencies in his wife's testimony.

[2] We note that this is not a situation in which the IJ made an adverse credibility finding based only on a petitioner's inability to recall certain facts, nor was the determination based on inferences or presumptions that are not reasonably grounded in the record.  See Ezeagwuna v. Ashcroft, 301 F.3d 116 (3d Cir. 2002).  The IJ found that the petitioners affirmatively made false statements about material facts at the hearing.  See Kungys v. United States, 485 U.S. 759 (1988) (discussing a similar provision involving intentional misrepresentations in the immigration context).  After having an opportunity on remand to prove that the statements were not false or that the Pribecs were not aware of their falsity, the Pribecs failed to demonstrate before the agency why the IJ's finding was incorrect.  Under these circumstances, the record does not compel a conclusion contrary to the one reached by the IJ.

6

articulated no basis for finding that the IJ applied the incorrect version of the waiver statute. Section 349 of IIRIRA amended the waiver provision at issue here to require that, in order to be eligible for waiver of inadmissibility, a petitioner must have a spouse or parent who is a citizen of the United States. The bulk of the Pribecs' argument focuses on the effective date of this amendment, urging that the new version of the statute went into effect in April of 1997, rather than in September of 1996. We conclude that this distinction is immaterial. Either way, the amendment took effect after the Pribecs' removal proceedings were initiated, but before their application for adjustment of status was filed.

The Pribecs argue that the amended version of the statute cannot be applied to them because their removal proceedings were pending at the time of its enactment.[3] Section 349 of IIRIRA contains no "effective date" provision. The Pribecs point to a general effective date provision contained in section 309(c) of IIRIRA, asserting that it applies to this amendment and mandates that it cannot be applied to cases pending on April 1, 1997. However, the transitional rules provided in section 309(c) are only applicable to a particular subtitle of IIRIRA, and section 349 does not fall within that subtitle. Thus, section 309(c) is wholly inapplicable here. We are presented with no

---

[3]Because the Pribecs were not in a position to invoke the waiver statute until after it was amended, when Mr. Pribec was approved for his work visa in 1998, it is possible that there is no retroactivity concern here at all. Removal proceedings were pending at the time of the amendment, but adjustment of status and waiver applications were not, and could not have been, pending.

7

basis for further questioning the agency's determination as to which version of the waiver statute applies to the Pribecs.

And finally, we reject out of hand the Pribecs' contention that the BIA's streamlining procedures violate the Separation of Powers doctrine or raise concerns of judicial economy. Our precedent clearly establishes that the streamlining procedures are constitutional, and that our review function is unhindered in cases where the BIA chooses to summarily affirm, as we are still able to examine the findings and reasoning set forth in the IJ's decision. Dia, 353 F.3d at 242-45. Thus, our role in this process remains unaffected, we certainly are not forced to take on administrative functions, and the arguments to the contrary asserted by the Pribecs are meritless.

### III.

Based on the reasons set forth above, we reject each of the challenges asserted by the Pribecs. We will, therefore, DENY the petitions for review of the agency's decision.