**Kabahoule CAMARA, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE Respondent.**

**No. 04–0128–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 22, 2005.

Theodore Vialet, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Steven Kim, Diane Leonardo Beckmann, Assistant United States Attorneys, of Counsel, Central Islip, New York, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of December, two thousand and five.

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Kabahoule Camara petitions for review of the January 2003 decision of BIA, affirming the decision of the immigration judge ("IJ") denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

Where the BIA "adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. Ashcroft*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's adverse credibility determination is supported by substantial evidence. Camara's testimony was internally inconsistent, contradicted his statements made at the asylum interview, and conflicted with his asylum application. Camara was unable to (1) explain his failure to mention the RPG political party at his asylum interview and in his asylum application; (2) to give an explanation regarding his failure to mention the Guinean Democratic Party ("PDG") in his declaration in support of his asylum application and in his testimony; (3) give an explanation for the internal inconsistencies in his testimony with regard to guns, uniforms, and the number of men in his unit while he was in the militia; (4) explain his failure to mention that he spent two years in Sierra Leone in his asylum interview and in his asylum application; (5) explain the written claim in his asylum application that he

spent one year and eight months in the Ivory Coast, compared with his testimony before the Immigration Court in which he stated that he spent three months in the Ivory Coast; and (6) give a reasonable explanation why his claim before an asylum officer and in his asylum application was based on his father's political activities, while his claim for asylum at the immigration court was based on his connection to his uncle in the militia.

The IJ's reliance on Camara's asylum interview was correct. The record contains a summary of the statements made by Camara and a handwritten account of the specific questions asked by the asylum officer and the answers that Camara gave the asylum officer. *See Matter of S–S,* Int. Dec. 3257, 1995 WL 688875 (BIA 1995) (a record of the interview might be preserved in a handwritten account of the specific questions asked of the applicant and his specific responses).

Camara's claims also fail insofar as they are based on alleged persecution due to his Malinke (or Mandingo) ethnic background. The IJ noted that Malinkes are not *per se* persecuted in the multi-ethnic state of Guinea. There is no evidence in the record that describes the mistreatment or persecution of Malinkes in Guinea. The IJ's finding that Camara did not meet his burden of proof is supported by the record.

Camara has not briefed the issues of withholding of deportation and CAT relief in his petition for review; therefore, Camara waived those issues on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

■ Camara claims in his petition for review that the IJ was motivated by his distaste for the Sekou Toure regime. He alleges that the Board clearly ignored the obvious bias of the IJ, yet focused on the alleged inconsistencies in Camara's evidence. However, Camara did not present a claim of bias to the BIA and thus failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1). In any event, the IJ and BIA did not violate Camara's due process rights. Camara's claims for relief were denied because of the numerous internal and external inconsistencies present in his testimony, discussed *supra.* The IJ's decision is supported by substantial evidence and was not motivated by bias.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).