Ashot GHUMANSHYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75049.

Agency No. A95–179–644.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Reynold E. Finnegan, Finnegan & Diba, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Clare R. Hochhalter Bismarck, ND, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Ashot Ghumanshyan, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir.1992), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's factual determination that Ghumanshyan did not qualify for an exception to the one-year deadline for filing his asylum application. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 427 F.3d 1218, 1221 (9th Cir. 2005) (we have jurisdiction to review determinations regarding the one-year asylum bar only "insofar as a petition for review raises constitutional claims or questions of law").

We lack jurisdiction to consider Ghumanshyan's contentions that the IJ demonstrated bias and that Ghumanshyan was otherwise denied due process, because he failed to raise them before the BIA. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001) (petitioner failed to exhaust claim that she was denied a full and fair hearing before a neutral fact-finder).

Substantial evidence supports the IJ's adverse credibility determination. The IJ provided specific, cogent reasons that, "[t]aken together," *Singh–Kaur v. INS*, 183 F.3d 1147, 1152 (9th Cir.1999), and considered "in light of all the evidence presented," *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir.2005), constitute "such evidence as a reasonable mind might accept as adequate to support [the] conclu-

sion" that Ghumanshyan is not credible. *Berroteran–Melendez*, 955 F.2d at 1256. Furthermore, the IJ found that Ghumanshyan failed to provide testimony or affidavits to corroborate his experiences, despite the fact that his sister lived nearby. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000) ("if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application"). Consequently, we are not compelled to find that Ghumanshyan's testimony regarding the merits of his claims is credible. *See Singh–Kaur*, 183 F.3d at 1155. As such, Ghumanshyan has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.