**Adnan COKU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–0866–AG.

United States Court of Appeals, Second Circuit.

March 13, 2006.

Alexander J. Segal, Brooklyn, New York, for Petitioner.

Kathleen M. Salyer, Assistant United States Attorney (Marcos Daniel Jiménez, United States Attorney for the Southern District of Florida, Anne R. Schultz and Sally M. Richardson, Assistant United States Attorneys, on the brief), Miami, Florida, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Adnan Coku petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of the Immigration Judge ("IJ"), which denied petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts and procedural history.

We may entertain this petition "only if the alien has exhausted all administrative remedies" available as of right, 8 U.S.C. § 1252(d), and the petitioner has failed to exhaust his administrative remedies regarding all but one of his claims by not raising them before the BIA. In neither his brief to the BIA nor his notice of appeal to that body did the petitioner contend, as he does now, that error infected the IJ's adverse-credibility finding, that the IJ was biased or impartial, or that the translation in the immigration court was

incompetent. This failure to exhaust "constitutes a clear jurisdictional bar" to our review of these claims. *Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004) (quoting *Mejia–Ruiz v. INS,* 51 F.3d 358, 362 (2d Cir. 1995)). Although the petitioner also casts these claims as due process violations, the BIA is not without jurisdiction to entertain these particular claims and grant relief. *E.g., In re Hazaymeh,* No. A75 395 065, 2005 WL 1766764 (B.I.A. May 4, 2005) (unpublished opinion) (finding the IJ's adverse-credibility finding insufficiently supported); *In re Acosta–Campos,* No. A92 908 322, 2004 WL 2374871 (B.I.A. Aug. 18, 2004) (unpublished opinion) (entertaining an alien's claim of IJ bias and, although rejecting it, overturning a discretionary IJ decision); *In re Tomas,* 19 I. & N. Dec. 464, 465 (B.I.A.1987) (recognizing and enforcing the right to competent translation). Thus, the petitioner's failure to seek remedy for these alleged wrongs before the BIA forecloses review in this court. *See Valbrun v. Hogan,* 439 F.3d 136 (2d Cir. 2006) (per curiam) (holding that a petitioner "cannot evade BIA review [as an exhaustion requirement] merely by labeling his claim a due process claim" (quotation and alteration marks omitted)); *United States v. Gonzalez–Roque,* 301 F.3d 39, 48 (2d Cir.2002) (" 'Due process' is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.").

The petitioner's remaining argument is that his constitutional right to due process was violated when a BIA member determined that the IJ's opinion was correct and affirmed the opinion pursuant to the BIA "streamlining" regulation. 8 C.F.R. § 1003.1(e)(4). The petitioner claims that the BIA did not follow its own regulations in streamlining the appeal because the IJ's decision was wrong. Assuming that this court has jurisdiction to review the petitioner's claim that it was inappropriate for the BIA to streamline his case, that claim

fails. The petitioner presents no evidence that the BIA did not carefully review his appeal and conclude that the IJ's decision was correct. And the petitioner may not successfully attack the general streamlining procedure as a due process violation. *Yu Sheng Zhang v. DOJ,* 362 F.3d 155 (2d Cir.2004) (per curiam). Thus, we reject petitioner's claim of a due process violation.

For the foregoing reasons, the petition for review is DISMISSED as to matters that the petitioner did not exhaust and DENIED as to his due process challenge to the BIA's streamlined review. The petitioner's motion for stay of removal is DENIED.