Vicente **MONTAGUE–GRIFFITH,**
Petitioner,

v.

M. Francis **HOLMES,** District Director, Buffalo District, Immigration and Naturalization Service; James Ziglar, Commissioner, Immigration and Naturalization Service; Alberto R. Gon-

zales, U.S. Attorney General,* Respondents.

No. 05–3313–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, NY, for Petitioner.

Stephan J. Baczynski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), Buffalo, NY, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Vicente Montague–Griffith, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging a final order of removal entered by Immigration Judge ("IJ") John B. Reid on December 11, 2001. *In re Montague–Griffith*, No. A36 966 256 (Immig. Ct. Batavia Dec. 11, 2001). In support of his habeas petition, Montague–Griffith argued that he was deprived of effective assistance of counsel during the Immigration Court proceedings. In March 2004, the District Court (John T. Elfvin, *Judge*) dismissed the petition without prejudice, and granted Petitioner sixty days to file an amended petition and supporting affidavit in accordance with *Matter of Lozada*, 19 I. & N.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Dec. 637, 1988 WL 235454 (B.I.A.1988). *Montague–Griffith v. Holmes*, 02–CV–0509E(Sc), 2004 WL 626799 (W.D.N.Y. Mar. 24, 2004). After Montague–Griffith filed an amended petition, the government moved to dismiss it for lack of subject matter jurisdiction and for failure to state a claim. While that motion was still pending, the REAL ID Act went into effect, and the case was transferred to this Court. *See* REAL ID Act § 106(c), Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005) (codified at 8 U.S.C. § 1252(a)(2)(D)). We assume the parties' familiarity with the facts, procedural context, and issues on appeal.

■ The REAL ID Act "eliminates habeas corpus review of orders of removal and requires that any § 2241 petition pending in the district court at the time of its enactment be transferred to the court of appeals in which the petition could have been properly brought as a petition for review from a final order of removal under 8 U.S.C. § 1252." *Marquez–Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005). The Act provides that a transferred case is to be treated "as if it had been filed pursuant to a petition for review" under § 1252. REAL ID Act § 106(c); *Gittens v. Menifee*, 428 F.3d 382, 384–85 (2d Cir.2005); *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151 n. 3 (2d Cir.2006) (observing that a primary effect of the REAL ID ACT "is to convert habeas corpus petitions filed by criminal aliens seeking review of their removal orders into petitions for review in order to 'to limit all aliens to one bite of the apple .... [and thereby] streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)).' " (quoting *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir.2005)). We must therefore construe Montague–Griffith's case as a peti-

tion for review of the IJ's December 11, 2001 order, and must decide the petition without considering the District Court's intervening ruling or any materials outside the administrative record. *Marquez–Almanzar*, 418 F.3d at 212; 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."); 28 U.S.C. § 2347(a) ("[P]etitions to review orders reviewable under this chapter are heard in the court of appeals on the record of the pleadings, evidence adduced, and proceedings before the agency...").

■ Montague–Griffith was ordered removed from this country on account of his convictions for the sale and possession of a controlled substance. Under the REAL ID Act, we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed [certain drug and aggravated felony] criminal offense[s]," except insofar as review entails "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D); *see Xiao Ji Chen*, 434 F.3d at 151. Here, the issue presented is one of ineffective assistance of counsel. While there is no specific right to counsel in a removal proceeding, an alien does enjoy a general right to due process of law under the Fifth Amendment. *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005). An alien's due process right is violated when the counsel's performance is so ineffective that it " 'impinge[s] upon the fundamental fairness of the hearing.' " *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quoting *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 241 (2d Cir.1992)). To show a deprivation of fundamental fairness, an alien "must allege facts sufficient to show (1) 'that competent counsel would

**80**

have acted otherwise,' and (2) 'that [the alien] was prejudiced by counsel's performance.'" *Id.* (quoting *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993) (per curiam)).[2]

"[W]here an allegation of ineffective assistance of counsel implicates issues of constitutional significance, the BIA lacks 'jurisdiction to adjudicate the issue.'" *Jian Yun Zheng,* 409 F.3d at 46 (quoting *Rabiu,* 41 F.3d at 882). For prudential reasons, however, this Court generally requires that ineffectiveness claims be presented to the BIA in the first instance, either on direct appeal or through a motion to reopen. *Arango–Aradondo v. INS,* 13 F.3d 610, 614 (2d Cir.1994) (prudential exhaustion requirement "avoid[s] any premature interference with the agency's processes" and "afford[s] the parties and courts the benefit of the agency's expertise"). An alien must substantially comply with the *Lozada* requirements before the BIA to preserve his right to judicial review. *Jian Yun Zheng,* 409 F.3d at 47–48.

Because Montague–Griffith has never presented his ineffectiveness claim to the BIA,[3] we decline to reach the merits of the claim at this time. To properly raise this issue, Petitioner must first file a motion to reopen with the Immigration Court. 8 C.F.R. § 1003.23; *see Iavorski v. INS,* 232 F.3d 124, 134–35 (2d Cir.2000). If the motion is denied, and the BIA affirms that decision, Montague–Griffith may petition for review of that denial to this Court. *See Arango–Aradondo,* 13 F.3d at 615.

For the foregoing reasons, the petition for review is DISMISSED.

---

**2.** As we need not decide the issue, we intimate no view as to whether an alien enjoys a due process right to effective assistance of counsel in a proceeding for discretionary relief. *Cf. Nativi–Gomez v. Ashcroft,* 344 F.3d 805, 808–09 (8th Cir.2003) (discussing *Rabiu* and confining its application to removal proceedings).

**3.** We note that prior to the enactment of the REAL ID Act, an alien's failure to perfect an appeal on direct review did not bar a subsequent collateral attack by habeas petition. *See, e.g., Evangelista v. Ashcroft,* 359 F.3d 145 (2d Cir.2004); *Luya Liu v. INS,* 293 F.3d 36 (2d Cir.2002).