

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Pribec v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pribec v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1597.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1597

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 05-3105

---

IOAN PRIBEC;
MARIANA PRIBEC,
Petitioners

v.

ATTORNEY GENERAL OF
THE  UNITED STATES,
Respondent

---

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Donald Vincent Ferlise
(No. A73-162-304/5)

---

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2007

Before: McKEE, AMBRO, and STAPLETON, Circuit Judges

(Opinion filed:   February 20, 2007)

---

OPINION

---

AMBRO, Circuit Judge

The petitioners here, Romanian citizens Ioan and Mariana Pribec, have once been

before our Court challenging the denial by the Board of Immigration Appeals (BIA) of their application for adjustment of status, 8 U.S.C. § 1255a, and waiver of inadmissibility, 8 U.S.C. § 1182(i). In 2004 we considered the Pribecs' assignments of error as to that decision and denied their petition for review. *Pribec v. Ashcroft*, 100 Fed. Appx. 121, 2004 WL 1326774 (3d Cir. June 15, 2004). The BIA ordered them removed from the United States.

Less than two months later, on August 2, 2004, the Pribecs filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania, which prompted the District Judge to stay the BIA's order of removal. In their *habeas* petition, the Pribecs asserted a violation of their constitutional right to due process, claiming that the Immigration Judge in their hearing was biased against immigrants and asylum claims in general.

On May 11, 2005, Congress passed and the President signed the REAL ID Act of 2005. Pub. L. 109-13, Div. B., 119 Stat. 231, 302. "Under the new judicial review regime imposed by the Real ID Act, a petition for review is now the sole and exclusive means of judicial review for all orders of removal . . . ." *Bonhometre v. Gonzales*, 414 F.3d 442, 445 (3d Cir. 2005) (citing 8 U.S.C. § 1252(a)(5)). Moreover, the courts of appeals were given exclusive jurisdiction over all constitutional and legal claims in those petitions. *See* 8 U.S.C. §§ 1252(a)(2)(d), 1252(a)(5); *Bonhometre*, 414 F.3d at 445–46. As a result, the REAL ID Act also provided that all *habeas* petitions "that were pending in the district courts on the date the Real ID Act became effective (May 11, 2005) [we]re

2

to be converted to petitions for review and transferred to the appropriate courts of appeals." *Id.* at 446 (citing REAL ID Act, Pub. L. 109-13, Div. B, Title I, § 106(c)). The Pribecs' arguments that their petition be returned to the District Court, therefore, are unavailing.

As to the substance of the Pribecs' constitutional argument, we will review "an alien's claim only where the alien has raised and exhausted his or her remedies as to that claim." *Khan v. Att'y Gen.*, 448 F.3d 226, 236 n.8 (3d Cir. 2006) (brackets and internal quotation marks omitted). Although "'the BIA does not have jurisdiction to adjudicate constitutional issues,'" such as the one raised by the Pribecs, *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990) (quoting *Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 908 (9th Cir. 1987)), we nevertheless have applied an administrative exhaustion requirement to claims that are "correctable through the administrative process," *id.*; *see also Khan*, 448 F.3d at 236 n.8 (3d Cir. 2006) (noting that an exhaustion requirement applied because "[Khan's] claim, stripped of its 'due process' label, is a claim of procedural error that could have been addressed by the BIA on appeal"); *Bonhometre*, 414 F.3d at 448 (noting that petitioner's claims, "though argued in the language of procedural due process, essentially claim that the IJ failed in its duty to completely develop this case," were subject to an administrative exhaustion requirement).

It is prudent, therefore, for us to require that constitutional claims that could be adequately addressed at the administrative level be presented to and exhausted at the BIA before we will review them. *Montague-Griffith v. Holmes*, No. 05-3313-AG, 2006 WL

3

3218646, at *2 (2d Cir. Nov. 6, 2006). This is so that the BIA can have "the opportunity to apply its specialized knowledge and experience to the matter," *Padilla v. Gonzales*, 470 F.3d 1209, 1213 (7th Cir. 2006), and "'to resolve a controversy or correct its own errors before judicial intervention,'" *Bonhometre*, 414 F.3d at 447 (quoting *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004)). We have held this requirement to be applicable to claims of bias on the part of an immigration judge. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 n.5 (3d Cir. 2003) ("[A] claim of IJ bias remains subject to administrative exhaustion requirements mandating that the issue be raised before the [BIA]."). This is also consistent with other courts of appeals' treatment of similar claims. *See Sanchez v. Gonzales*, No. 05-72405, 195 Fed. Appx. 599, 2006 WL 2136057 (9th Cir. July 31, 2006); *Coku v. INS*, No. 04-0866-AG, 170 Fed. Appx. 203, 2006 WL 616272 (2d Cir. Mar. 13, 2006); *Ghumanshyan v. Gonzales*, No. A95-179-644, 163 Fed. Appx. 486, 2006 WL 92917 (9th Cir. Jan. 12, 2006); *Amaya-Artunduaga v. Att'y Gen.*, 463 F.3d 1247 (11th Cir. 2006); *Camara v. INS*, No. 04-0128-AG NAC, 163 Fed. Appx. 8, 2005 WL 3527956, at *2 (2d Cir. Dec. 22, 2005).

Thus, because the Pribecs have not raised their claim of bias before the BIA, we do not yet have jurisdiction over it. We do not ignore that the Pribecs may not have been able to raise the issue during any of the proceedings to this point that have reviewed the Immigration Judge's decision on the merits. The Pribecs might not have been aware of the Immigration Judge's conduct that forms the basis of their claim. The proper course, however, is for the Pribecs to move to reopen their case at the BIA. *See* 8 C.F.R.

4

§ 1003.2.  That decision can then be reviewed in this Court.  *INS v. Doherty*, 502 U.S. 314, 323 (1992).  For the foregoing reasons, the petitioners' petition for review is dismissed.