439 F.3d 136
 Carl Elie VALBRUN, Petitioner,
v.
Thomas HOGAN, Warden, York County Prison, Thomas Decker, Deputy Director of the Department of Homeland Security, and Michael Chertoff, Secretary of the Department of Homeland Security, Respondents.
 Docket No. 05-3540 AG.
 United States Court of Appeals, Second Circuit.
 Submitted: January 10, 2006.
 Decided: February 22, 2006.
 
 Valerie A. Burch, Pennsylvania Immigration Resource Center, York, PA, for Petitioner.
 Janice K. Redfern, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.
 Before: WINTER, CABRANES, and SACK, Circuit Judges.
 PER CURIAM.
 
 
 1
 We consider here petitioner Carl Elie Valbrun's motion to reinstate his petition for review, which this Court dismissed on October 27, 2005 after Valbrun filed an unopposed motion voluntarily withdrawing his appeal. The petition for review alleges that an immigration judge ("IJ") violated Valbrun's Fifth Amendment due process rights by failing to advise him that he had the opportunity to request relief from removal under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"). Because the underlying petition for review is without merit—Valbrun having failed to exhaust his administrative remedies by first raising his claim before the Board of Immigration Appeals ("BIA")—we deny the motion for reinstatement.[1]
 
 
 2
 In Bonhometre v. Gonzales, 414 F.3d 442 (3d Cir.2005), the Court of Appeals for the Third Circuit addressed whether an IJ's failure to advise a petitioner to apply for CAT relief could establish a constitutional due process claim that otherwise would be exempt from a petitioner's obligation to exhaust his administrative remedies. See United States v. Gonzalez-Roque, 301 F.3d 39, 48 (2d Cir.2002) (noting that "[w]hile the BIA does not have jurisdiction to adjudicate constitutional issues. . . procedural errors correctable by the BIA must first be raised with the agency") (internal quotation marks and alteration omitted). In Bonhometre, the Third Circuit noted that the petitioner's appeal, "though argued in the language of procedural due process, essentially claim[ed] that the IJ failed in its duty to completely develop [the petitioner's] case." Bonhometre, 414 F.3d at 448. The Court found, however, that the BIA had "sufficient expertise" to address "whether the IJ [had] properly explored all avenues of relief that were available," stating that if any such error had occurred, the BIA "could have remanded for a new trial." Id. As a result, the Court concluded that the petitioner's due process claim "could have been argued before the BIA, and his failure to do so [was] thus fatal to [the Court's] jurisdiction over [the] petition." Id.
 
 
 3
 We agree with the analysis of the Third Circuit in Bonhometre and conclude that the petitioner here "cannot evade BIA review merely by labeling [his] claim a due process claim." Gonzalez-Roque, 301 F.3d at 48; see also id. ("`Due process' is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.") (internal quotation marks omitted); Saloum v. U.S. Citizenship & Immigration Servs., 437 F.3d 238, 243-44 (2d Cir.2006) (rejecting a petitioner's effort to "dress up" his challenge to an IJ's discretionary determination through the "talismanic invocation of the language of `due process'"). Because Valbrun's petition raises, in substance, an alleged "procedural error[]" that would have been "correctable by the administrative tribunal," Valbrun has waived his claim by failing to raise it first before the BIA. See Gonzalez-Roque, 301 F.3d at 48 (internal quotation marks omitted). Accordingly, because Valbrun's underlying petition for review is without merit, we deny the motion for reinstatement of his appeal.
 
 
 4
 * * * * * *
 
 
 5
 We have carefully considered all of petitioner's arguments and find each of them to be without merit. Accordingly, for the reasons stated above, the motion for reinstatement is DENIED.
 
 
 
 Notes:
 
 
 [1]
 InCalloway v. Marvel Entertainment Group, 854 F.2d 1452 (2d Cir.1988), rev'd in part on other grounds, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), we noted that "Fed. R.App.P. 2 clearly authorizes us to relieve litigants of the consequences of default where manifest injustice would otherwise result." Id. at 1475 (emphasis added) (internal quotation marks omitted). Because reinstatement of the instant petition for review is not warranted under the "manifest injustice" standard of Calloway, we need not, and do not, decide here whether a stricter standard should apply to cases in which, as here, a petitioner seeks reinstatement of an appeal after a dismissal has been granted at the petitioner's own request, rather than due to procedural default.