**Alvin JOHNSON, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, William Cleary, Acting Field Director, Deportation and Removal, Buffalo District, Immigration and Customs Enforcement, United States Department of Homeland Security, Respondents.**

No. 05–3231–AG.

United States Court of Appeals, Second Circuit.

March 22, 2006.

Mark T. Kenmore, Buffalo, N.Y., for Petitioner.

Gail Y. Mitchell, Assistant United States Attorney for Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, N.Y., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Alvin Johnson seeks review of the Board of Immigration Appeals' ("BIA") denial of his petition for withholding of removal. Although Johnson originally filed a petition for a writ of habeas corpus in the United States District Court of the Western District of New York, the petition was transferred to us pursuant to the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231. We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

Affirming the decision of the immigration judge, the BIA concluded that, because of petitioner's prior felony conviction, petitioner was ineligible for any relief from removal. In addition, the BIA decided that the record did not support petitioner's assertion that he lacked the capacity to understand the asylum proceedings or to participate in his defense. On the facts of the case before us, we agree.

There is no record evidence that petitioner's purportedly diminished mental capacity affected his ability to appreciate what was happening during his hearing (throughout which he was represented by counsel). Moreover, based on petitioner's medical records, it does not appear that his condition rose to the level of mental incompetence as contemplated by the asylum regulations emphasized by petitioner. *See* 8 C.F.R. § § 1240.4; *see also Nelson v. INS*, 232 F.3d 258, 262 (1st Cir.2000) (finding that alien's "health-related complaints do not rise to the level of mental incompetence contemplated" by the regulation).

In addition, notwithstanding petitioner's medical condition and his longstanding ties to the United States, there is no legal authority to support petitioner's contention that, despite his ineligibility for a waiver of deportation, we should remand the case for consideration of humanitarian grounds for withholding of removal. *See Guaylupo–Moya v. Gonzales*, 423 F.3d 121, 124–25 (2d Cir.2005); 8 U.S.C. § 1182(h) ("No waiver shall be granted ... in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... the alien has been convicted of an aggravated felony.").

Finally, we deny petitioner's request to remand the case to the BIA to allow petitioner to raise a CAT claim for the first time. Since petitioner did not seek CAT relief before the BIA, he failed to exhaust his administrative remedies, and he cannot now revive a claim that he did not press before the BIA. *See Valbrun v. Hogan*, 439 F.3d 136, 137 (2d Cir.2006); *Ivanishvili v. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006).

We have considered all of petitioner's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.