**Zhen Y. WENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–1492–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Judy S. Resnick, Far Rockaway, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Neil R. Gallagher, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhen Y. Weng, a native and citizen of China, seeks review of a March 2, 2006 order of the BIA affirming the undated decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying the petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhen Y. Weng,* No. A73 646 216 (BIA March 2, 2006), *aff'g* No. A74 646 216 (Immig. Ct. N.Y. City undated).

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In the instant case, we conclude that the record supports the IJ's adverse credibility finding. Our review of the record reveals that Weng was asked specific questions about certain discrepancies between his asylum application and his testimony that go to the heart of his claimed fear of persecution because of China's population control policies. Weng's inability to adequately respond to these discrepancies was central to the IJ's adverse credibility determination. Specifically, Weng was not responsive to questions concerning his failure to mention in his initial asylum application that the Chinese government requested that his wife abort two pregnancies and later forced her to undergo a sterilization procedure. Further, though Weng's wife submitted a letter to corroborate his testimony, she, in fact, undermined it, failing to give any indication that the Chinese government requested that she undergo an abortion procedure.

Weng argues that the IJ erred in requiring certain corroborating documents relating to his wife's forced sterilization, citing *Diallo v. INS,* 232 F.3d 279 (2d Cir.2000). *Diallo* is inapposite. The IJ's adverse credibility determination, which was supported by substantial evidence, turned on more than Weng's inability to produce corroborating documents. *Cf. Diallo,* 232 F.3d at 287 (noting that adverse credibility determination cannot be based solely on the lack of corroboration).

Weng argues that the IJ's refusal to admit the copy of the report analyzing the hysterosalpingogram X-ray film of his wife, based on hearsay comments as to the author's reliability, violated his rights to due process of law under the Fifth Amendment to the U.S. Constitution. While the BIA does not have jurisdiction to adjudicate constitutional issues, procedural errors correctable by the BIA must first be raised with the agency. *See Valbrun v. Hogan,* 439 F.3d 136, 137 (2d Cir.2006). In the instant case, Weng did not make any arguments to the BIA that the IJ considered inadmissible hearsay in making her ruling. Consequently, this Court does not have the jurisdiction to review that claim. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1).

Weng has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and nor-

mally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).