**Kangsheng YUAN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1007–ag.

United States Court of Appeals, Second Circuit.

Jan. 17, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Andrew J. Lay, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Kangsheng Yuan, a native and citizen of China, seeks review of a February 8, 2006, order of the BIA affirming a September 12, 2005, decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying his motion to reopen his removal proceedings. *In re Kangsheng Yuan*, No. A76 104 349 (B.I.A. Feb. 8, 2006), *aff'g In re Kangsheng Yuan*, No. A76 104 349 (Immig. Ct. N.Y. City Sept. 12, 2005). In a previous decision, the IJ had ordered Yuan removed *in absentia*. *In re Kangsheng Yuan*, A76 104 349 (Immig. Ct. N.Y. City Oct. 12, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say,

where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam).

In his brief, Yuan argues that his motion to reopen is not time-barred because he established a change in country conditions in China. Although Yuan is correct that changed country conditions provide an exception to the 90-day filing requirement, *see* 8 C.F.R. § 1003.23(b)(4)(i), neither the IJ nor the BIA denied Yuan's motion as untimely. Instead, the agency denied Yuan's motion because he failed to present any material evidence that was not previously available, as required by the regulations. *See* 8 C.F.R. § 1003.23(b)(3). Accordingly, the only issue before this Court is whether the agency abused its discretion in making that determination.

In support of his motion, Yuan submitted the following documents: 1) a copy of a Seventh Circuit decision; 2) a 2004 affidavit from Dr. John Shields Aird; 3) a statement from Yuan's wife; and 4) an affidavit from Yuan. However, Yuan did not mention alleged persecution under the family planning policy in his original application. As a result, the BIA did not abuse its discretion in determining that his affidavit describing this claim was not new evidence for the purposes of his motion to reopen. Moreover, although Yuan's wife was not in the United States at the time he initially filed his application, there is no evidence that she would have been unable to provide a statement on his behalf.

In support of the family planning claim, Yuan also submitted a 2004 affidavit from Dr. John Aird. Although this affidavit would not have been available at the time of Yuan's original proceedings, the BIA did not abuse its discretion in dismissing this document as immaterial. While Dr. Aird's affidavit offers general evidence about the policy, because the affidavit was

not specifically prepared for Yuan and is not particularized with regard to his circumstances, it is of little weight or relevance. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (rejecting an affidavit from Dr. Aird because it failed to address the petitioner's individual circumstances). In addition, considering the fact that Yuan's family planning claim had not been raised previously, it was not an abuse of discretion for the agency to find that this document was insufficient to warrant reopening Yuan's family planning claim.

The only other document Yuan submitted with his motion to reopen was a 2004 decision of the Seventh Circuit Court of Appeals, *Yi–Tu Lian v. Ashcroft,* 379 F.3d 457 (7th Cir.2004), remanding to the agency for further consideration of the issue whether petitioner would be tortured upon return to China as an emigrant to the United States. First, the BIA was plainly correct in determining that this case was not binding in Yuan's case. Second, *Yi–Tu Lian* does not compel any agency adjudicator to find that Chinese emigrants would suffer torture upon return to their native country. Accordingly, the BIA did not abuse its discretion in determining that this decision did not justify reopening of Yuan's removal proceedings.

■ Lastly, Yuan argues that his due process rights would be violated if his case is not reopened because he would not have had the opportunity to adjudicate his family planning claim. However, Yuan failed to raise this claim before the BIA. Accordingly, this claim is not exhausted, and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Valbrun v. Hogan,* 439 F.3d 136, 137 (2d Cir.2006).

Based on the foregoing, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).