Drilona TINAJ, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–2703–ag.

United States Court of Appeals,
Second Circuit.

March 16, 2007.

Aleksander Milch, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### *SUMMARY ORDER*

Drilona Tinaj, a citizen of Albania, seeks review of a May 12, 2006 order of the BIA affirming immigration judge("IJ") Barbara Nelson's December 14, 2004 decision pretermitting Tinaj's application for asylum and denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Drilona Tinaj*, No. A98 273 402 (B.I.A. May 12, 2006), *aff'g* A98 273 402 (Immig. Ct. N.Y. City Dec. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–*

*Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006). It reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, it will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

## A. Asylum

■ Pursuant to 8 U.S.C. § 1158(a)(2)(B), subject to certain exceptions, an alien must file an application for asylum within one year of his arrival in the United States. Under 8 U.S.C. § 1158(a)(2)(D), an alien may file an asylum application after the allotted one-year period, provided he can demonstrate to the satisfaction of the Attorney General either the existence of changed circumstances, which materially affect his eligibility for asylum, or extraordinary circumstances relating to the delay in filing an application.

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however,

this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In interpreting this provision, we have held that we lacks jurisdiction to review the petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *See Xiao Ji Chen,* 471 F.3d at 329.

Tinaj argues in her brief to this Court that the IJ violated her right to due process by considering her one-year evidence in a biased manner. Because Tinaj's argument involves a constitutional question, this Court would have jurisdiction to review it as a "question of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen,* 471 F.3d at 326. However, under 8 U.S.C. § 1252(d)(1), a court can only review a final order of removal if the alien has exhausted all administrative remedies available to the alien. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004). In *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005), this Court held that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below." Because Tinaj failed to raise her due process claim before the BIA, she is precluded from raising it here. 8 U.S.C. § 1252(d)(1); *see also Valbrun v. Hogan,* 439 F.3d 136, 137 (2d Cir.2006) (holding that while the BIA does not have jurisdiction to adjudicate constitutional issues such as due process, the factual basis for such claims must be presented to the BIA in order that it have the opportunity to reopen proceedings and allow the applicant to submit additional evidence to correct any errors). This Court thus does not have jurisdiction to review Tinaj's challenge to the IJ's one-year bar determination, and the claim is dismissed.

## B. Withholding of Removal and CAT Relief

█ In her brief, Tinaj argues that the IJ erred in finding that she did not establish past persecution or a likelihood or future persecution or torture. The IJ determined, and the BIA affirmed, that Tinaj's experiences, while "offensive and frightening," did not constitute past persecution.

In *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), the BIA interpreted past persecution to mean "harm or suffering inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. *Ai Feng Yuan v. DOJ*, 416 F.3d 192, 198 (2d Cir.2005)(citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). This Court has previously explained that persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category. *Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

Here, the IJ correctly determined that Tinaj had not established past persecution, as she had been beaten only on one occasion. *Ai Feng Yuan*, 416 F.3d at 198. The IJ also properly determined that Tinaj did not show that the beating incident, coupled with witnessing a police shooting, being suspended from school, and enduring a brief detention, were a threat to her life or freedom, or more than unfortunate incidents of harassment. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (noting that the difference between harassment and persecution is one of degree and must be decided on a case-by-case basis); *cf. Beskovic v. Gonzales*, 467 F.3d 223, (2d Cir.2006) (holding that mistreatment that, in other contexts, could fairly be characterized as the "mere annoyance and distress" of harassment, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds). The IJ's finding that Tinaj failed to show past persecution and a resulting presumption of a fear of future persecution is appropriate. Additionally, with respect to the likelihood that Tinaj would be persecuted in the future on account of her Democratic Party affiliation, this Court has previously taken judicial notice of the fact that the Democratic Party regained power in Albania in 2005, thus making it unlikely that Democratic Party supporters would be subject to persecution. *See Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005) (per curiam); *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 185–86 (2d Cir.2006).

The agency's determination that Tinaj failed to establish her eligibility for withholding of removal is therefore supported by substantial evidence. As there is no evidence in the record indication that Tinaj would likely be tortured upon return to Albania, the agency's denial of CAT relief was also correct.

For the foregoing reasons, the petition for review is DISMISSED with respect to Tinaj's claim that the IJ denied her due process by pretermitting her asylum application and DENIED with respect to Tinaj's withholding of removal and CAT claims. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance

with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).