GUAN QIANG DONG, Petitioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 07–4033–ag.

United States Court of Appeals,
Second Circuit.

May 29, 2008.

Gregory Marotta, Vernon, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Russell J. Verby, Senior Litigation Counsel, Tim Ramnitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Guan Qiang Dong, a native and citizen of the People's Republic of China, seeks review of an August 30, 2007 order of the BIA affirming the March 8, 2005 decision of Immigration Judge ("IJ") Noel Brennan denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guan Qiang Dong,* No. A79 327 543 (B.I.A. Aug. 30, 2007), *aff'g* No. A79 327 543 (Immig. Ct. N.Y. City Mar. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Dong failed to challenge the IJ's denial of his CAT claim in his appeal to the BIA, we are without jurisdiction to consider Dong's arguments concerning the denial of that relief. 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006). And because Dong failed to raise his argument that the IJ was not impartial, we may not consider his challenge to the IJ's conduct raised in this Court in the first instance. 8 U.S.C. § 1252(d)(1); *see also Valbrun v. Hogan,* 439 F.3d 136, 137 (2d Cir.2006).

Because Dong failed to raise before the BIA his argument that he engaged in "other resistance," or that the IJ erred by failing to consider any of the documents he submitted, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider those unexhausted issues, too. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). And because Dong has failed to argue sufficiently before this Court that the BIA erred in finding that he did not have a well-founded fear of persecution in China because he has two children, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we conclude that Dong has waived that argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We therefore proceed to consider Dong's challenge to the agency's adverse credibility determination.

Where the BIA issues a separate opinion after this Court "so orders" a joint stipulation by the parties, the BIA's "opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). However, where the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Here, the BIA issued a new decision on remand from this Court, but found that its June 2006 decision affirming the IJ's adverse credibility determination "remains the law of the case." Accordingly, we consider both the IJ's and the BIA's opinions.

We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S.*

*Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We conclude that the IJ's adverse credibility determination was supported by substantial evidence.

The IJ did not err in finding that Dong's testimony was "extremely vague, evasive and nonresponsive." Indeed, the IJ identified specific instances in Dong's testimony where he hesitated or paused apparently in order to have time to get his story straight. Particular deference is given to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ also properly based her adverse credibility determination on several inconsistencies in Dong's testimony. For example, Dong testified inconsistently regarding the number of times his wife had been pregnant, where his children lived, and whether they went to school. These inconsistencies are material to Dong's application for relief and substantial when measured against the record as a whole because they undermine his claim that his wife underwent an abortion. As the IJ noted, it raises "doubts even about the existence of the children."

Dong fails to challenge several of the IJ's other credibility findings, including her observation that while some of the documents Petitioner submitted were dated 2001, they arrived in an envelope postmarked 2000. These unchallenged findings stand as a proper basis for the IJ's adverse credibility determination. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7

Whether or not we agree with all of the IJ's credibility findings, remand would not be required because we can "confidently predict" that the agency would adhere to its decision on remand given the numerous and substantial inconsistencies we have identified. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–342 (2d Cir. 2006). Because the only evidence of a

threat to Dong's life or freedom depended upon his credibility, the adverse credibility determination in this case precluded success on Dong's claims for both asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the Petitioner's pending motion for a stay of removal is DISMISSED as moot.