**JIN MING ZHENG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 06–5404–ag.

United States Court of Appeals, Second Circuit.

Sept. 15, 2009.

Yan Wang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Stephen J. Flynn, Assistant Director; W. Manning Evans, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and WALKER and PETER W. HALL, Circuit Judges.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Jin Ming Zheng, a native and citizen of the People's Republic of China, seeks review of an October 27, 2006 order of the BIA, affirming the April 19, 2005 decision of Immigration Judge ("IJ") Paul A. De-Fonzo, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Ming Zheng,* No. A70 908 849 (B.I.A. Oct. 27, 2006), *aff'g* No. A70 908 849 (Immig. Ct. N.Y. City Apr. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we decline to consider Zheng's due process argument that the IJ was biased, because she failed to exhaust such argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007); *see also Valbrun v. Hogan,* 439 F.3d 136, 137 (2d Cir.2006) (finding that a petitioner "cannot evade BIA review merely by labeling [his] claim a due process claim") (quoting *United States v. Gonzalez–Roque,* 301 F.3d 39, 48 (2d Cir.2002)). Zheng waives any argument that she was eligible for relief from removal on account of her religion or that she was eligible for CAT relief on account of her illegal departure from China. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v.*

*BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

 Substantial evidence supports the agency's finding that Zheng was not credible as to her claim that she suffered a forced abortion. The IJ reasonably relied on several inconsistencies between Zheng's testimony and statements in her written asylum application regarding events surrounding her purportedly forced abortion. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006). Even if these inconsistencies are deemed minor, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), the agency did not err in finding that, taken together, they provided support for its adverse credibility finding, *see Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal citations omitted)). Zheng offered explanations for these discrepancies, but no reasonable fact-finder would have been compelled to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Having called Zheng's credibility into question, the IJ also reasonably relied on Zheng's failure to corroborate her claim with a statement from her husband. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun,* 510 F.3d at 379. Thus, the agency properly denied Zheng's application for asylum, withholding of removal, and CAT relief insofar as it

was based on her alleged forced abortion. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

■ Absent past persecution, an applicant may establish eligibility for asylum by showing that she subjectively fears persecution on account of an enumerated ground and that her fear is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In this case, the IJ reasonably found that Zheng failed to demonstrate a well-founded fear of persecution on account of the birth of her U.S. citizen children. Zheng did not assert before the agency a fear that family planning officials would sterilize her *forcibly,* stating only that family planning officials would *"request* that either my husband or I undergo sterilization." [2] Moreover, the IJ did not err in concluding that inability of Zheng's children to attend public school would not constitute persecution. *Cf. Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (holding that an alien's loss of a job without evidence that he could not obtain another job did not constitute persecution). Accordingly, as Zheng failed to demonstrate a well-founded fear of persecution, the agency properly denied Zheng's application for asylum and withholding of removal insofar as it was based the birth of her U.S. citizen children. *See Paul,* 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** Zheng appears to assert for the first time that she has an objectively reasonable fear of forced sterilization if removed to China. However, she did not assert such a claim before the agency. *See* 8 U.S.C. § 1252(b)(4)(B). The only country conditions evidence in the record is the 2004 U.S. State Department's Country Report on Human Rights Practices in China, which we have previously held does not demonstrate an objectively reasonable fear that Chinese nationals with foreign born children will be subject to forced sterilization upon return to China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006).

